UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAMON ZARATE, | |
| Plaintiff, | No. 19 C 7196 |
| v. | Judge Thomas M. Durkin |
| WAL-MART STORES, INC., | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Ramon Zarate alleges that Wal-Mart negligently allowed a liquid soap to be on the floor in one of its stores causing him to slip and fall and injure himself. Wal-Mart has moved for summary judgment. R. 37. That motion is granted.[1]

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The Court considers the entire evidentiary record and must view all of the evidence and draw all reasonable inferences from that evidence in the light most favorable to the nonmovant. *Horton v. Pobjecky*, 883 F.3d 941, 948 (7th Cir. 2018). To

---

[1] This case was removed from state court based on diversity jurisdiction. Zarate first sued Wal-Mart in state court in 2016. The state court judge denied Wal-Mart's motion for summary judgment in 2018. Zarate then voluntarily dismissed the case, apparently because there was insufficient time to prepare for trial. Zarate refiled the case a year later, and Wal-Mart timely removed it. At a status hearing on January 20, 2021, Zarate conceded that the denial of summary judgment in the first state court case was not a final and appealable judgment and so has no preclusive effect in this case.

defeat summary judgment, a nonmovant must produce more than a "mere scintilla of evidence" and come forward with "specific facts showing that there is a genuine issue for trial." *Johnson v. Advocate Health and Hosps. Corp.*, 892 F.3d 887, 894, 896 (7th Cir. 2018). Ultimately, summary judgment is warranted only if a reasonable jury could not return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Local Rule 56.1 requires non-movants to admit or deny factual statements asserted by the movant. Zarate did not submit a response to Wal-Mart's statement of material facts. Thus, except for some deposition testimony, the facts recited in the following background section are taken from Wal-Mart's statement of facts and are deemed admitted. *See McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 787 (7th Cir. 2019) (the Seventh Circuit has "repeatedly held that district judges may strictly enforce local summary-judgment rules").

## Background

On April 11, 2014, Zarate visited a Wal-Mart store he visited weekly. R. 38 ¶ 2. While shopping, he slipped on liquid green soap in the middle of an aisle stocked with household chemical products. *Id.* ¶¶ 12-15. No one else was in the aisle when he slipped and there was no other indication that there was soap on the floor such as a broken container. *Id.* ¶¶ 17, 22.

About 40 minutes before Zarate's accident, a Wal-Mart employee drove a floor scrubbing machine through the aisle where Zarate fell. *Id.* ¶ 47. The scrubbing machine uses a yellow liquid soap, which is diluted with water before it is used on the

floor. R. 41-6 at 16:23–17:1; 19:2-10; R. 37-5 at 18:6-8. A Wal-Mart employee testified that the scrubbing machine can leave water on the floor if it is not properly operated. *See id.* at 17:15–18:9.

Thirty minutes after the scrubbing, the same employee twice pushed a buffing machine through the aisle. R. 38 ¶¶ 48-49. Unlike the scrubbing machine, the buffing machine does not use soap, water, or liquid of any kind. R. 37-5 at 48:9-16. Employees are instructed to clear aisles of debris and liquid prior to buffing them. R. 41-6 at 20:16–21:7; 21:18–22:5. The employee who buffed the aisle prior to Zarate's fall testified that there was nothing on the floor when he last exited the aisle after buffing. R. 38 ¶ 53. No other employees entered the aisle between the time the floor was buffed and Zarate's fall. *Id.* ¶ 71.

Zarate first entered the aisle where he fell about four minutes after the employee buffed the floor. *Id.* ¶ 31. He then passed through the aisle again about three minutes later. *Id.* ¶ 32. Then about one minute later he entered the aisle a third time and fell. *Id.* ¶ 33. Although video captured the entries and exits from one end of the aisle, there is no video evidence of the aisle floor where Zarate fell. Zarate testified that he does not know whether there was any green soap on the floor during his first two passages through the aisle because he was not paying attention. *Id.* ¶¶ 35-36. He testified that there were no other customers is the aisle when he passed through it. R. 38 ¶ 17.

There is no evidence that any Wal-Mart employee knew there was green soap on the floor. There is no evidence that there was any green soap on the floor before Zarate entered the aisle.

## Analysis

"The general rule is that liability will be imposed where a business invitee is injured by slipping on a foreign substance on the premises if (1) the substance was placed there by the negligence of the proprietor or (2) his servant knew of its presence, or (3) the substance was there a sufficient length of time so that, in the exercise of ordinary care, its presence should have been discovered, i.e. the proprietor had constructive notice of the substance." *Hayes v. Bailey*, 400 N.E.2d 544, 546 (Ill. App. Ct. 3d Dist. 1980); *see also Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 650 (7th Cir. 2014).

Zarate has failed to present any evidence that Wal-Mart knew about the substance Zarate slipped on. Indeed, the evidence in the record shows that the substance somehow appeared during the less-than-ten-minute time period between the floor being buffed and Zarate's accident. That is not a long enough period of time for Wal-Mart to be charged with constructive notice. *See Hresil v. Sears, Roebuck & Co.*, 403 N.E.2d 678, 680 (Ill. App. Ct. 1st Dist. 1980) ("as a matter of law, that ten minutes [is] an insufficient period of time to give constructive notice . . . of the presence of [a] foreign substance."). To hold otherwise "would place upon the store the unfair requirement of the constant patrolling of its aisles." *Id.*

A plaintiff, however, does not have to prove that the defendant knew the substance was present if there is evidence, "however slight," from which "it could be inferred that it was more likely that defendant or [its employees], rather than a customer, dropped the substantive on the [floor]." *Zuppardi*, 770 F.3d at 650 (quoting *Donoho v. O'Connell's Inc.*, 148 N.E.2d 434 (Ill. 1958)). Relying on this standard, Zarate contends that the substance Zarate slipped on "was likely soap sold by [Wal-Mart] . . . or soap from the scrubbing machine." R. 41 at 8. But there is no evidence in the record to support either of these completely speculative contentions.

Zarate's contention that the scrubbing machine was the source of the substance he slipped on is pure speculation. The evidence is that the scrubbing machine sometimes leaks water, but Zarate slipped on liquid soap. And it is undisputed that Zarate slipped on undiluted green soap, while the scrubbing machine uses yellow soap that is diluted with water. There is no evidence that past leaks have been sufficient to cause people to slip. There is no evidence that the machine leaked the day he fell. And even if the machine leaked that day, the evidence establishes that a buffing machine went over the aisle twice after the scrubbing machine, making it less likely that any water or soap from a leak remained on the floor.

While common experience supports the contention that it is certainly possible, and even likely, that Wal-Mart sells a green liquid soap, Zarate has not presented any evidence that such a product was stocked in the aisle where he fell on the day he fell. And even if such a product was stocked in that aisle that day, Zarate has not presented any evidence permitting the reasonable inference that a Wal-Mart

5

employee was responsible for the spill. The last Wal-Mart employee in the aisle testified that there was nothing on the floor ten minutes prior to Zarate's fall. Zarate has not presented any evidence to undermine the employee's testimony. Indeed, the employee's testimony is bolstered by the fact that the buffer machine he used in the aisle ten minutes prior to Zarate's fall would not function properly if there was a liquid substance on the floor. And Zarate himself passed through the aisle twice before his fall and testified that he did not notice anything on the floor or any person that might have caused the spill.

Zarate's speculation about "potential sources of the spill" is insufficient to avoid summary judgment. *Zuppardi*, 770 F.3d at 650. There is simply no evidence in the record about how the substance Zarate slipped on came to be on the floor. Absent any evidence from which a reasonable jury could infer that Wal-Mart spilled the substance on the floor, summary judgment must be granted to Wal-Mart.

## Conclusion

Therefore, Defendant's motion for summary judgment [37] is granted.

ENTERED:

*Thomas M Durkin*

Honorable Thomas M. Durkin
United States District Judge

Dated: January 21, 2021